IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALVERDE ENERGY, INC.,
A New Mexico corporation,

    Plaintiff,

v.                                              No. 1:18-cv-00443-JHR-JFR

BATRA HOSPITALITY GROUP,
INC., a Wisconsin corporation,

    Defendant and Counterclaimant,

v.

VALVERDE ENERGY, INC.,
a New Mexico corporation,

    Counter-Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING BATRA HOSPITALITY GROUP, INC.'S MOTION TO VACATE AND RESCHEDULE TRIAL SETTING**

THIS MATTER comes before the Court on Defendant/Counterclaimant Batra Hospitality Group, Inc.'s (Batra) *Motion to Vacate and Reschedule Trial Setting* [Doc. 47], filed June 6, 2019. The Court, having considered the parties' submissions, the relevant law, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On April 5, 2018, Valverde Energy, Inc. (Valverde) filed its Complaint for Breach of Contract, Unjust Enrichment, Violation of the Prompt Payment Act, and Foreclosure of Lien against Batra in the Eighth Judicial District Court in Taos County, New Mexico. [Doc. 1, pp. 12-27]. Valverde alleges that Batra failed to pay invoices totaling $67.310.47 for plumbing and related

work performed at the Don Fernando Hotel in Taos, New Mexico. [*Id.*, pp. 13-14]. Batra filed its Answer and Counterclaims on May 10, 2018. [*Id.*, pp. 28-40]. Batra alleges that Valverde overcharged for work performed and that Batra has incurred at least $151,310.50 in damages to correct work performed or supervised by Valverde at the hotel. [*Id.*, pp. 33-36].

The case was removed to this Court on May 11, 2018. [*Id.*, pp. 1-5]. Valverde moved to remand on May 31, 2018. [Doc. 10]. On December 18, 2018, the Court denied Valverde's motion. [Doc. 21]. On February 26, 2019, after conferring with the parties, the Court issued a *Notice of Civil Bench Trial* [Doc. 33], setting trial in this matter for November 12, 2019. On April 25, 2019, counsel for Batra filed an *Unopposed Motion to Withdraw as Counsel* [Doc. 39], citing a "fundamental disagreement between the Client and counsel as to the scope and conduct of the litigation." [*Id.*]. The Court granted counsel's motion to withdraw and on May 28, 2019, new local counsel for Batra entered an appearance. [Doc. 40; Doc. 42]. On June 7, 2019, Batra filed the instant *Motion to Vacate and Reschedule the Trial Setting*. [Doc. 33].

## II. ANALYSIS

"The District Court has wide discretion in its regulation of pretrial matters." *Si-Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990). Pursuant to rule 16 of the Federal Rules of Civil Procedure, a district judge must issue a scheduling order, and the judge is permitted to set a trial date as part of the scheduling order. *See* Fed.R.Civ.P. 16(b)(3)(B)(v). Scheduling orders "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16(b)(4) advisory committee's note to 1983 amendment. As the Court has stated in the past: "Properly construed, good cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Hartnett v. Papa John's*

*Pizza, Inc.*, No. 10-CV-1105, 2012 WL 5378287, at *7 (D.N.M. Oct. 10, 2012) (internal quotation marks and citation omitted).

"[T]he good cause standard primarily considers the diligence of the party[.] The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (internal quotation marks omitted). In the context of a motion to vacate a trial setting, the United States District Court for the District of Utah found good cause existed vacate the trial setting after the Court had permitted the plaintiff's counsel to withdraw. *See Kee v. Fifth Third Bank,* No. 06-CV-00602, 2008 WL 183384, at *1 (Jan. 17, 2008 D. Utah) ("In light of the court's decision to permit [counsel] to withdraw ... the court has determined that good cause exists for amending the existing scheduling order.").

In the present case, Batra is requesting that the trial be rescheduled because its new counsel has a previously scheduled trial in another matter set to commence November 18, 2019—one week after the trial setting in this matter. [Doc. 47, p. 1]. Batra represents that its counsel is available and can be ready for trial by December 9, 2019, and that its counsel has continuing availability in December 2019, as well as in January and February 2020. [*Id.*, pp. 1-2]. Batra further represents that it has been diligent in working with Valverde to complete remaining discovery, including timely completion of fact witness depositions in July 2019. [*Id.*, p. 2]. Notably Valverde does not contend otherwise. [*See generally*, Doc. 48]. Nor does Valverde allude to any prejudice that would result from postponing the trial as Batra requests. [*Id.*].

The Court recognizes that it permitted the withdrawal of Batra's previous counsel and based on Batra's representations, the Court is satisfied that Batra's new counsel is working diligently to get up to speed and to prepare this case for trial. Accordingly, the Court finds that

Batra has met its burden to demonstrate that good cause exists for vacating the November 12, 2019 trial setting. Fed.R.Civ.P. 16(b)(4); *Kee,* No. 06-CV-00602, 2008 WL 183384, at *1.

### III.  CONCLUSION

For the forgoing reasons, Batra's *Motion to Vacate and Reschedule the Trial Setting* [Doc. 33] is GRANTED. The trial set for November 12, 2019 is hereby VACATED. The Court will set a status conference for the purpose of setting a new trial date.

IT IS SO ORDERED.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent